UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LUIS CABRERA, on behalf of himself, individually,
and on behalf of all others similarly-situated,  **COMPLAINT**

                      Plaintiff,  **Docket No.:**

              -against-  Jury Trial Demanded

CARPETORIUM, INC.,
and HAMID ELAYNI, individually,

                     Defendants.
------------------------------------------------------------------------X

Plaintiff, LUIS CABRERA ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against CARPETORIUM, INC., ("Carpetorium"), and HAMID ELAYNI, individually ("Elayni"), (both, collectively, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF THE CASE**

1. This is a civil action for damages and equitable relief based upon willful violations that the Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the minimum wage provisions of the NYLL and NYCCRR, NYLL § 652; 12 NYCCRR § 142-2.1; (v) the NYLL's requirement that employers pay their employees an additional one hour's pay

1

at the minimum wage rate if their employees' spread of hours exceeds ten in a workday, NYLL § 652; 12 NYCCRR § 142-2.4; (vi) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a vendor and installer of residential and commercial interior furniture and design, along with its owner and day-to-day manager - - as a manual laborer from February 2008 until February 2016. As described below, throughout the entirety of his employment, the Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically, for at least the six-year period pre-dating the commencement of this action, the Defendants required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours for each week or virtually each week of his employment. Despite this, the Defendants paid Plaintiff a flat daily wage for each day worked, but that wage fell below the minimum that either the FLSA or NYLL requires for each hour worked. Additionally, Defendants failed to compensate Plaintiff at one and one-half times his regular rate of pay, or one and one-half time the minimum wage rate, if greater, for all hours that he worked in excess of forty each week.

3. Furthermore, Defendants violated the NYLL by failing to: pay Plaintiff one hour's pay at the minimum wage rate for each day when Plaintiff worked in excess of ten hours; and provide Plaintiff with wage statements on each payday that accurately listed, *inter alia*, his actual hours worked for that week and/or his straight-time rate or overtime rate of pay for all hours worked.

4. Defendants paid and treated all of their manual laborer employees in the same manner.

5. Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings his claims under the NYLL and NYCCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiffs who opts-in to this action.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(1) and/or (b)(2), as one or more Defendants reside within this judicial district, and as a substantial part of the events or omissions giving rise to the claims for relief occurred in this judicial district.

## PARTIES

8. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

9. At all relevant times herein, Defendant Carpetorium was and is a New York corporation located at 64-12 Flushing Avenue, Maspeth, New York 11378.

10. At all relevant times herein, Defendant Elayni was and is the owner and the day-to-day supervisor of all of Defendant Carpetorium's employees, including Plaintiff.

11. At all relevant times herein, Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, Defendant Carpetorium's qualifying annual business exceeded and exceeds $500,000.00, and Defendants are engaged in interstate commerce

within the meaning of the FLSA as they purchased and routinely work with supplies provided by outside vendors in the course of their business that originated in states other than New York. Moreover, Defendants accepted payments in cash that naturally moved across state lines, and accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, minimum wages, and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. 216(b), on his own behalf, as well as on behalf of those in the following collective:

> Current and former manual laborer employees, who during the applicable FLSA limitations period, performed any work for or on behalf of Defendant Carpetorium, and who consent to file a claim to recover damages for: (1) overtime compensation that is legally due to them; and/or (2) minimum wages that are legally due to them ("FLSA Plaintiffs").

13. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; (5) were not paid the required one and one-times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours that they worked per workweek in excess of forty; and/or (6) were not paid at least the statutory minimum wage rate for all hours worked.

14. At all relevant times herein, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked each workweek above forty, and of the requirement to pay Plaintiff and all FLSA Plaintiffs at least the statutory minimum wage rate for all hours worked, yet they purposefully and willfully chose and choose not to do so.

15. Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, and/or at the statutorily-set minimum wage for all hours worked, in violation of the FLSA.

**BACKGROUND FACTS**

16. Defendant Carpetorium is a domestic business corporation located at 64-12 Flushing Avenue, Maspeth, New York, 11378 that is engaged in the business of residential and commercial interior renovations.

17. Defendant Elayni is the owner and day-to-day manager of Defendant Carpetorium, who in that capacity controls the terms of employment of Defendant Carpetorium's employees and is responsible for all matters with respect to hiring and firing, scheduling, and setting the amount and method of pay for all employees. To that end, Defendant Defendant personally hired Plaintiff, controlled his schedule, and determined the amount and method of paying Plaintiff.

18. Plaintiff worked for Defendants as a manual laborer employee from February 2008 through February 2016.

19. Throughout his employment, Plaintiff's duties involved installing and removing interior carpet and other manual labor performed as part of interior commercial and residential building renovations.

20. For the entirety of Plaintiff's employment, Defendants required Plaintiff to work, and Plaintiff did in fact work, six days per week, consisting of an average of fourteen hours per day, from Monday to Saturday, from 7:00 a.m. until as late as 9:00 p.m., without permitting him to take scheduled or uninterrupted breaks.

21. In addition, for the entirety of Plaintiff's employment, Defendants required Plaintiff to work, and Plaintiff did in fact work, an average of approximately four Sundays per year, twelve hours per day, from 6:00 a.m. until as late as 6:00 p.m., without a scheduled or uninterrupted break.

22. Thus, for the entirety of Plaintiff's employment, but as is relevant here, for the six-year period pre-dating this action's commencement, Defendants required Plaintiff to work, and Plaintiff did work, at least eighty-four and sometimes as many as ninety-six hours each week.

23. For his pay, Defendants paid Plaintiff a flat daily wage. As is relevant to this lawsuit, for the six-year period pre-dating this action's commencement, for all days that Plaintiff worked, Defendants paid Plaintiff $100.00 per day.

24. Defendants, thus, failed to pay Plaintiff at least the hourly minimum wage for all hours that Plaintiff worked each week, as well as one and one-half times his hourly rate of pay, or one and one-half times the minimum wage rate, when/if greater, for all hours that Plaintiff worked over forty each week.

25. By way of example, during the week of January 11 through January 17, 2016, Defendants required Plaintiff to work, and Plaintiff did in fact work, eighty-eight hours, consisting of thirteen hours on Monday, January 11, 2016, and fifteen hours from Tuesday through Saturday of that same week. During that same week, Defendants paid Plaintiff at the rate of $100 per day for all hours that he worked on Monday through Saturday for a total of $600.00, amounting to a regular rate of pay of $7.14 per hour. Defendants thus failed to pay Plaintiff at the minimum wage

6

for all hours worked that or time and one-half the minimum wage for the forty-eight hours that Plaintiff worked over forty that week.

26. Further, Defendants required Plaintiff to work over ten hours for virtually all of his workdays while failing to pay him an additional hour's pay at the then-applicable minimum wage rate on every day where his spread-of-hours exceeded ten.

27. For example, during the week of January 11 through January 17, 2016, Defendants required Plaintiff to work, and Plaintiff did in fact work, over ten hours on six separate days. Nonetheless, despite working over ten hours on each of those days, Defendants failed to pay Plaintiff an additional hour's pay at the then-applicable minimum wage rate for each day.

28. Defendants paid Plaintiff on a weekly basis in cash.

29. On each occasion when Defendants paid Plaintiff, Defendants intentionally failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*: his actual hours worked for that week and/or his straight and overtime rates of pay for all hours worked.

30. Defendants treated Plaintiff and FLSA Plaintiffs in the manner described above.

31. Each hour that Plaintiff and FLSA Plaintiffs worked was for the Defendants' benefit.

32. Defendants acted in the manner described herein so as to minimize their overhead while maximizing profits. Indeed, as recently as the filing of this Complaint, Defendants boasted about this on their website, advising the public that "because of [their] low overhead, [their] family-owned-and-operated business offers the lowest prices in New York."

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

33. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

34. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than the greater of one and one-half times their regular rate of pay or one and one-half times the minimum wage, if greater, for all hours worked exceeding forty in a workweek.

35. As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

36. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

37. Defendants willfully violated the FLSA.

38. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of the greater between one and one-half times their respective regular rates of pay or one and one-half times the minimum wage.

39. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### **SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Minimum Wages under the FLSA*

40. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

41. 29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

42. As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

43. As also described above, Defendants did not compensate Plaintiff and FLSA Plaintiffs at the minimum hourly rate required by the FLSA for all hours worked.

44. Defendants willfully violated the FLSA.

45. At the least, Plaintiff and FLSA Plaintiffs are entitled to the minimum rate of pay required by the FLSA for all hours worked.

46. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's minimum wage provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the NYLL and the NYCCRR*

47. Plaintiff, and any FLSA Plaintiff who opts-into this action, repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48. N.Y. Lab. Law § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than the greater between one and one-half times their regular rates of pay, or one and one-half times the minimum wage, for all hours worked exceeding forty in a workweek.

49. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCCRR.

50. As also described above, Plaintiff, and any FLSA Plaintiff who opts-into this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

51. Plaintiff, and any FLSA Plaintiff who opts-into this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times the greater of their respective regular rate of pay or one and-one-half times the minimum wage.

52. Plaintiff, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCCRR's overtime provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Pay Minimum Wages under the NYLL and the NYCCRR*

53. Plaintiff, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

54. N.Y. Lab. Law § 652 and 12 NYCCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

55. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and the NYCCRR.

56. As also described above, Defendants did not compensate Plaintiff, or any FLSA Plaintiff who opts-into this action, at the minimum hourly rate required by the NYLL and NYCCRR for all hours worked.

57. At the least, Plaintiff, and any FLSA Plaintiff who opts-into this action, are entitled to the minimum rate of pay required by the NYLL and NYCCRR for all hours worked.

58. Plaintiff, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's minimum wage provisions.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCCRR's Spread of Hours Requirement*

59. Plaintiff, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60. N.Y. Lab. Law § 652 and 12 NYCCRR § 142-2.4 provide that an employee shall receive one hour's pay at the minimum hourly wage rate for any day worked in which the spread of hours exceeds ten hours.

61. As described above, Defendants are employers within the meaning of the NYLL and NYCCRR, while Plaintiff, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL and NYCCRR.

62. As also described above, Defendants failed to provide Plaintiff, and any FLSA Plaintiff who opts-into this action, with spread of hours pay on each day when their spread of hours exceeded ten.

63. Plaintiff, and any FLSA Plaintiff who opts-into this action, are entitled to recover an hour's pay, at the minimum wage rate, for all days during which they worked in excess of ten hours.

64. Plaintiff, and any FLSA Plaintiff who opts-into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' failure to pay the required spread of hours pay.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

65. Plaintiff, and any FLSA Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

67. As described above, Defendants are employers within the meaning of the NYLL while Plaintiff, and any FLSA Plaintiff who opts-into this action, are employees within the meaning of the NYLL.

68. As also described above, Defendants, on each payday, failed to furnish Plaintiff, and any FLSA Plaintiff who opts-into this action, with accurate wage statements containing the criteria required under the NYLL.

69. Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), Defendants are liable to Plaintiff, and to any FLSA Plaintiff who opts-into this action, in the amount of $100.00 for each workweek that the violation occurred, up to a statutory cap of $2,500.00.

70. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and to any FLSA Plaintiff who opts-into this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00.

## DEMAND FOR A JURY TRIAL

71. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and FLSA Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

g. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

h. Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs, and an award of a service payment to Plaintiff;

i. Pre-judgment and post-judgment interest, as provided by law; and

j. Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: New York, New York
       January 26, 2017

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
655 Third Avenue, Suite 1821
New York, New York 10017
Tel.   (212) 679-5000
Fax.  (212) 679-5005

By: _____
MICHAEL R. MINKOFF (MM 4787)
ALEXANDER T. COLEMAN (AC 8151)
MICHAEL J. BORRELLI (MB 8533)